UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| WILLMEZ PLUMBING, INC. and ARBOR HOMES, LLC, | ) ) ) | |
| Defendants. | ) ) | 1:09-cv-832-TAB-TWP |
| ARBOR HOMES, LLC, | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| ACB INSURANCE, INC., | ) | |
| Third-Party Defendant. | ) | |

**ORDER**

**I.     Introduction**

Federal Rule of Civil Procedure 14(a) permits a defendant to sue "a nonparty who is or may be liable to it for all or part of the claim against it." The rule explicitly requires—and courts have interpreted it to require—that the nonparty be secondarily liable for the original claim. In this declaratory judgment action, the third-party complaint does not satisfy Rule 14 because the third-party defendant cannot be secondarily liable to the plaintiff. The Court therefore dismisses the third-party complaint.

**II.     Background**

As alleged in the original complaint, Defendants Arbor Homes, LLC and Willmez Plumbing, Inc. agreed that Willmez would serve as plumbing contractor for Arbor's new home

construction.  Willmez was insured by Plaintiff West Bend Mutual Insurance Company.  One of Willmez's Arbor projects was Kurt and Jay Lorch's home, for which Willmez subcontracted the plumbing work.  About a month after closing on their new home, the Lorches "began feeling ill as a result of a horrific smell" within their home.  They discovered that their home was not connected to the main sewer line and that raw sewage had been discharging into their crawl space for 25 days.

The Lorches sued Arbor for damages, and Arbor settled the case.  After settling, Arbor contacted West Bend for coverage of the Lorch settlement.  West Bend denied coverage and brought this action seeking, in part, a declaration that it had no duty to "defend and indemnify Arbor against the Lorches' claims and the Settlement Agreement."  [Docket No. 1 at ¶ 4.1.]

Arbor then brought a third-party claim against ACB Insurance, Inc., which served as Willmez's and Arbor's agent and producer of the West Bend insurance policies.  Under a contract between Arbor and Willmez, Arbor was required to be named as an additional insured on Willmez's West Bend policies.  Arbor alleged that ACB was negligent in failing to "inform Arbor if ACB was unable to procure the requested insurance" and—if West Bend owes Arbor no duty because Arbor was not an additional insured on the policies—"to ensure that Arbor was listed as an additional insured."  [Docket No. 34 at ¶¶ 15, 18.]

Following Arbor's third-party complaint, West Bend moved for leave to substitute a corrected copy of the policy at issue because the original "did not include an additional insured endorsement which West Bend had promised ACB would be added to the Policy."  [Docket No. 53 at 2.]  ACB then moved for judgment on the pleadings [Docket No. 61], arguing that (1) the Court has no jurisdiction over Arbor's third-party claim; (2) Arbor's third-party claim is not

proper under Rule 14; and (3) Arbor's third-party claim fails to state a claim on which relief can be granted.

**III. Discussion**

   *A.   Jurisdiction*

ACB first suggests that the Court has no jurisdiction over Arbor's third-party claim because "no federal question is at issue, and there is no diversity between the parties." [Docket No. 64 at 12.] Arbor's third-party complaint asserts jurisdiction under 28 U.S.C. § 1367, which provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Subsection (c) does not apply here, and in diversity cases, subsection (b) excludes from supplemental jurisdiction claims "by plaintiffs" or persons proposed to be joined as or seeking to intervene as plaintiffs. Arbor is a defendant, and its claims against ACB arise from the same case or controversy as the action brought by West Bend. The Court therefore has supplemental jurisdiction over Arbor's claims.

   *B.   Rule 14*

Although ACB's motion is labeled as one seeking judgment on the pleadings, ACB's Rule 14 argument appears directed toward dismissal of Arbor's third-party complaint for failure to comply with Rule 14. [Docket No. 64 at 2 ("ACB seeks dismissal of the Third Party Complaint under Federal Rule of Civil Procedure 12(c) . . . ."); Docket No. 61-3 (proposed order) ("the Third Party Plaintiff's Third Party Complaint is dismissed, and the Third Party

Plaintiff is ordered to file any Amended Third Party Complaint within ten days of entry of this Order."); Docket No. 68 at 10 ("ACB Insurance, Inc., respectfully requests that this Court enter an appropriate order granting a judgment of dismissal on the pleadings.").] The Court will therefore consider whether Arbor's third-party complaint should be dismissed for failure to comply with Rule 14.[1]

Rule 14(a) provides:

A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.

Courts have applied this rule literally to require that the third-party defendant be potentially liable for the original plaintiff's claim. *E.g.*, *U.S. Gen., Inc. v. City of Joliet,* 598 F.2d 1050, 1053 (7th Cir. 1979) (holding that secondary liability "is a plain condition on the face of Rule 14"); *see also* 6 Charles Alan Wright, et al., *Federal Practice & Procedure* § 1446 (3d ed. 2010) ("The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.").

Arbor's third-party claim does not satisfy Rule 14's secondary liability requirement. West Bend's original action against Arbor does not seek damages, but a declaratory judgment.

---

[1]When considering motions attacking a third-party complaint, courts distinguish between motions challenging the merits of the claim and motions opposing the third-party plaintiff's use of Rule 14. 6 Charles Alan Wright, et al., *Federal Practice & Procedure* § 1460 (3d ed. 2010) ("[T]he form of or the name given to the motion is not significant, let alone determinative. Thus, whenever a motion to dismiss or to strike, or to vacate, or for a judgment on the pleadings, or for a summary judgment actually challenges the desirability of the impleader, it will be treated accordingly.").

Arbor cannot be liable to West Bend, so ACB cannot be secondarily liable. And without the prospect of secondary liability, ACB cannot be sued as a third party under Rule 14. Arbor's third-party complaint is therefore dismissed.[2]

Although ACB's proposed order would provide Arbor with 10 days to amend its third-party complaint, it does not appear that Arbor has any claims against ACB that could be asserted under Rule 14. Nevertheless, this dismissal is without prejudice and—if possible under Rule 14—Arbor may amend its third-party complaint within 14 days of this order.

    C.    *Failure to state a claim on which relief can be granted*

Because Arbor's third-party complaint is procedurally improper, the Court need not reach whether Arbor's third-party complaint states a claim on which relief can be granted.

    **IV.**    **Conclusion**

ACB's motion for judgment on the pleadings [Docket No. 61] is granted to the extent that Arbor's third-party complaint is dismissed for failure to comply with Rule 14. Because the Court grants ACB's motion for judgment on the pleadings, the Court denies ACB's motion to bifurcate [Docket No. 89] as moot.

    Dated:    05/05/2011

                              Tim A. Baker
                              United States Magistrate Judge
                              Southern District of Indiana

---

[2]This result may seem overly technical and inefficient. Indeed, Arbor relies on a case from another jurisdiction holding that Rule 14 does not prohibit third-party complaints in declaratory judgment actions such as this case because to do so would apply Rule 14 too technically. *Old Republic Ins. Co. v. Concast, Inc.*, 99 F.R.D. 566, 568 (S.D.N.Y. 1983). But this Court is bound by the text of the rule and the Seventh Circuit's interpretation of it, neither of which provide for a declaratory judgment exception.

Copies to:

Thomas F. Bedsole
FROST BROWN TODD LLC
tbedsole@fbtlaw.com

Brian Michael Falcon
FROST BROWN TODD LLC
bfalcon@fbtlaw.com

Freedom V. Miller
SMITH FISHER MAAS & HOWARD P.C.
fmiller@smithfisher.com

James H. Milstone
KOPKA, PINKUS DOLIN & EADS, LLC
jhmilstone@kopkalaw.com

Mark R. Smith
SMITH FISHER MAAS & HOWARD, P.C.
msmith@smithfisher.com